# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY C. BUCKLEY, Jr., <br><br> Plaintiff, <br><br> v. <br><br> PARKS, et al., <br><br> Defendants. | Case No. 1:19-cv-00682-DAD-SKO (PC) <br><br> **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'SAPPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS WITOUT PREJUDICE BECAUSE OF UNTRUE POVERTY ALLEGATION** <br><br> (Docs. 2, 7, 10) <br><br> TWENTY-ONE (21) DAY DEADLINE |

## BACKGROUND

Plaintiff, Rodney C. Buckley, Jr., is a state prisoner proceeding *pro se* in this action pursuant to 42 U.S.C. § 1983. On May 14, 2019, Plaintiff filed this civil rights action along with a motion to proceed *in forma pauperis*. As required, Plaintiff included a report of activity in his inmate trust account for the six months before initiating this action with his *in forma pauperis* application. (Doc. 2.) The report indicates that during the six months prior to filing this action, Plaintiff received an average of $264.59 each month. (*Id.*) Overall, Plaintiff received income totaling $1,587.56 in that time-frame. (*Id.*) The report also shows that during that same time, Plaintiff spent nearly that entire sum, for an average of $248.29 each month. (*Id.*)

Thus, an order issued on May 28, 2019, for Plaintiff to show cause ("OSC") within twenty-one (21) days why this action should not be dismissed based on untrue poverty allegation

1

in his application to proceed *in forma pauperis*. (Doc. 7.) Plaintiff then filed a second application to proceed *in forma pauperis*, (Doc. 10)[1], and a notice regarding his trust account statement, (Doc. 11).

## **DISCUSSION**

An indigent party may be granted permission to proceed *in forma pauperis* upon submission of an affidavit showing inability to pay the required fees. 28 USC § 1915(a). The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984), citing *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple*, 586 F. Supp. at 850, citing *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, "[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (affirming district court denial of *in forma pauperis* where in past 12 months,

---

[1] This application is untimely as it is the "6-month period immediately preceding the filing of the complaint" which is pivotal to the determination to grant or deny an inmate's application to proceed in forma pauperis. 28 U.S.C. § 1915(a)(2).

plaintiff received a sum of $5,000 settling a civil action and no indication it was unavailable to plaintiff) (citing, *Temple*, 586 F.Supp. at 851 (quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (*per curiam*)).

In sum, to proceed *in forma pauperis*, a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing his dependents with the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). A "'showing of something more than mere hardship must be made.'" *Nastrom v. New Century Mortg. Corp.*, No. 11-cv-1998, 2011 WL 7031499, at *1 (E.D. Cal. Dec. 7, 2011) (quoting *Martin v. Gulf States Utilities Co.*, 221 F.Supp. 757, 759 (W.D. La.1963)), report and recommendation adopted by, 2012 WL 116563 (E.D. Cal. Jan.12, 2012). Plaintiff has not shown that he has any dependents who would have been deprived of the necessities of life if he had paid the filing fee in full and, since Plaintiff is currently incarcerated, the State of California is paying for his necessities of daily life. *Williams*, 877 F.2d 65.

In the notice regarding his trust account statement, Plaintiff appears to justify the expenditures from his trust account by stating that he "just finished paying legal fees for a state case in family court, case no. 18 FL01669," and "sought to have a family visit with his child for the very first time within 12 ½ years, where he had to pay extra money due to legal fees." (Doc. 11.) Plaintiff's trust account, however, shows that only $246.86 of the $1,587.56 he received in the six months before he filed this action went to pay fees in case no. 18FL01669. (Doc. 4, pp. 1-2.) This left a sum of $1,340.70 from which Plaintiff could have easily paid the filing fees in this action.

Plaintiff also states that he "can only spend $220 at his canteen for items, where he can never dictate or predict when he'll receive or how much money he'll receive." (Doc. 11.) The Court is entitled to consider the economic priority Plaintiff placed on the use of monies in his inmate trust account. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citing *Alexander v. Carson Adult High School,* 9 F.3d 1448, 1449 (9th Cir. 1993). A district court is entitled to honor an inmate's decision of other use of available funds which the inmate considered more worthwhile than payment of a federal court's filing fee. *See Olivares*, at 112, (quoting

*Lumbert v. Illinois Department of Corrections,* 827 F.2d 257, 260 (7th Cir. 1987) (Noting peanut and candy "comforts" purchased in the prison commissary; "If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy ... than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").) Here, in the months leading up to the filing of this action, Plaintiff prioritized purchases from the canteen and other vendors over payment of the filing fee.

The determination whether a party can proceed *in forma pauperis* is a "matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process"). It is immaterial whether Plaintiff chose to spend the $1,587.56 that filtered in and out of his trust account in the months prior to filing this action elsewhere, or retained some that he could have used to pay the filing fee for this action—but chose not to do so. Plaintiff had over one thousand dollars at his disposal within six months of the date he filed this action, which he chose to spend elsewhere. He thus did not qualify as impoverished when he filed his application to proceed *in forma pauperis*. "[T]he court shall dismiss the case at any time if the court determines the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

## RECOMMENDATION

Accordingly, it is **HEREBY RECOMMENDED** that Plaintiff's first application to proceed *in forma pauperis*, filed on May 14, 2019, (Doc. 2), be **DENIED**; that his second application, filed on June 19, 2019, (Doc. 10), be disregarded as untimely; and this action be dismissed without prejudice to Plaintiff's refiling with prepayment of the $400.00 filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result

in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 15, 2019**     /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE